Slip Op. 18- 112

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| EVONIK REXIM (NANNING) PHARMACEUTICAL CO. LTD. and EVONIK CORPORATION,<br><br>    Plaintiffs,<br><br>v.<br><br>UNITED STATES<br><br>    Defendant. | Before: Jennifer Choe-Groves, Judge<br><br>Court No. 17-00132 |

**OPINION**

[Sustaining the U.S. Department of Commerce's remand redetermination in the administrative review of the antidumping duty order of glycine from the People's Republic of China.]

Dated: September 7, 2018

Matthew T. McGrath, Barnes, Richardson & Colburn, LLP, of Washington, D.C., for Plaintiffs Evonik Rexim (Nanning) Pharmaceutical Co. Ltd. and Evonik Corporation.

Joshua E. Kurland, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, D.C., for Defendant United States. Of counsel was David W. Campbell, Attorney, Office of Chief Counsel for Trade Enforcement and Compliance, U.S. Department of Commerce, of Washington, D.C.

    Choe-Groves, Judge: Plaintiffs Evonik Rexim (Nanning) Pharmaceutical Co. Ltd. and Evonik Corporation (collectively, "Evonik") challenge the final decision issued by the U.S. Department of Commerce ("Commerce" or "Department") in the administrative review of the antidumping duty order of glycine from the People's Republic of China for the 2013–2014 period of review. See Glycine From the People's Republic of China, 80 Fed. Reg. 62,027 (Dep't Commerce Oct. 15, 2015) (final results of antidumping duty administrative review and partial rescission of antidumping duty administrative review; 2013–2014) ("Final Results"); see also

Glycine from the People's Republic of China: Issues and Decision Memorandum for the Final Results of Antidumping Duty Administrative Review; 2013–2014, A-570-836, (Oct. 5, 2015), available at https://enforcement.trade.gov/frn/summary/prc/2015-26270-1.pdf (last visited Sept. 4, 2018) ("Final IDM"). The administrative review period involves entries of glycine made from March 1, 2013 through February 28, 2014. Final Results, 80 Fed. Reg. at 62,027.

Evonik challenged (1) Commerce's determination that its sales were not *bona fide* and (2) the application of the 453.79 percent China-wide entity rate during the 2013–2014 administrative review. Evonik Rexim (Nanning) Pharmaceutical Co. Ltd. v. United States, 41 CIT __, __, 253 F. Supp. 3d 1364, 1370–71 (2017) ("Evonik I"), appeal docketed, No. 18-1854 (Fed. Cir. Apr. 19, 2018). This court severed the second claim and stayed the action pending the final ruling in Baoding Mantong Fine Chemistry Co., Ltd. v. United States, Court No. 12-00362. Order, June 1, 2017, ECF No. 1. Prior decisions were issued by the court in Evonik I (sustaining in part and remanding in part) and Evonik Rexim (Nanning) Pharmaceutical Co. Ltd. v. United States, 42 CIT __, 296 F. Supp. 3d 1364 (2018) (sustaining the remand redetermination).

Before the court are Commerce's final results of redetermination submitted following the court's grant of a voluntary remand issued on March 23, 2018. See Final Results of Redetermination Pursuant to Court Remand, June 5, 2018, ECF No. 9 ("Remand Redetermination"). For the following reasons, the court sustains the Remand Redetermination.

**BACKGROUND**

Commerce found in the underlying administrative review that Evonik's sales of subject merchandise were not *bona fide*. See Final IDM at 24. Commerce assigned Evonik the China-wide entity rate of 453.79 percent, which was based on the rate assigned to Baoding Mantong Fine Chemistry Co., Ltd. ("Baoding") in the final results of the antidumping administrative review on glycine from China for 2010–2011. Remand Redetermination at 1–2.

In a proceeding separate from this litigation, Baoding challenged the 453.79 percent rate and the court issued a remand for Commerce to reconsider the rate and underlying analysis. Baoding Mantong Fine Chemistry Co., Ltd. v. United States, 41 CIT __, __, 279 F. Supp. 3d 1321, 1324–25 (2017) ("Baoding Mantong"). Commerce reexamined the surrogate values, recalculated Baoding's weighted-average dumping margin at 0.00 percent, and invalidated the 453.79 percent China-wide entity rate in the Second Remand Redetermination. Id. The Baoding Mantong court found that Commerce's decisions in the Second Remand Redetermination were based on substantial evidence in the record, including determinations that the ammonia production input was anhydrous ammonia and not aqueous ammonia, and that the anhydrous ammonia should be valued according to the Global Trade Atlas data for Thailand, among other conclusions. Id. at ___, 279 F. Supp. 3d at 1331–32. The court sustained Commerce's Second Remand Redetermination as supported by the evidence in the record. Id.

After the Baoding Mantong court sustained Commerce's Second Remand Redetermination reducing Baoding's weighted-average dumping margin to 0.00 percent, this court granted Defendant's Consent Motion for Voluntary Remand. Order, Mar. 23, 2018, ECF No. 6. In its Remand Redetermination, Commerce vacated the China-wide entity rate of 453.79 percent and assigned an adjusted rate of 155.89 percent, which Commerce explained was the previous China-wide entity rate established in the underlying less-than-fair-value investigation. Remand Redetermination at 2, 4. Evonik did not challenge Commerce's proposed adjusted China-wide entity rate of 155.89 percent. Id. at 3. Evonik did not provide comments regarding the Remand Redetermination to the court.

## JURISDICTION AND STANDARD OF REVIEW

The court has jurisdiction over Commerce's final determination in an administrative review of an antidumping duty order. See 28 U.S.C. § 1581(c) (2012); 19 U.S.C.

§ 1516a(a)(2)(B)(iii). The court will uphold the Department's determinations, findings, or conclusions unless unsupported by substantial evidence on the record, or otherwise not in accordance with law. 19 U.S.C. § 1516a(b)(1)(B)(i). When reviewing substantial evidence challenges to Commerce's decisions in an administrative review, the court assesses whether the agency action is unreasonable given the record as a whole. See Nippon Steel Corp. v. United States, 458 F.3d 1345, 1350–51 (Fed. Cir. 2006).

## ANALYSIS

The Baoding Mantong court sustained Commerce's vacating of the previous China-wide entity rate of 453.79 percent based on substantial evidence considered in the Second Remand Redetermination. After the Baoding Mantong case invalidated the rate of 453.79 percent, Commerce reconsidered the appropriate rate to apply in the instant case. Commerce decided to apply the China-wide entity rate of 155.89 percent that had been established in the underlying less-than-fair-value investigation prior to the selection of the rate of 453.79 percent. The court concludes that Commerce's selection of the China-wide entity rate of 155.89 percent is reasonable. Plaintiffs Evonik do not challenge the rate of 155.89 percent and have waived any objections by declining to submit comments on the Remand Redetermination to the court. The court sustains Commerce's Remand Redetermination.

Judgment will be issued accordingly.

    /s/ Jennifer Choe-Groves
Jennifer Choe-Groves, Judge

Dated: September 7, 2018
    New York, New York